# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ANESH GUPTA,

        Plaintiff,

v.                                           Case No: 6:12-cv-1317-Orl-36KRS

UNITED STATES ATTORNEY
GENERAL, SECRETARY,
DEPARTMENT OF HOMELAND
SECURITY, DIRECTOR, CITIZENSHIP
AND IMMIGRATION SERVICES,
UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES, FIELD
OFFICE DIRECTOR, ORLANDO FIELD
OFFICE, UNITED STATES CITIZENSHIP
& IMMIGRATION SERVICES USCIS and
FIELD OFFICE DIRECTOR, U.S.
CITIZENSHIP AND IMMIGRATION
SERVICES, CHICAGO FIELD OFFICE,
CHICAGO,

        Defendants.
_____/

## ORDER

This cause comes before the Court upon the Report and Recommendation filed by Magistrate Judge Karla R. Spaulding on September 20, 2012 (Doc. 3). In the Report and Recommendation, Judge Spaulding recommends that the Court deny *pro se* Plaintiff Anesh Gupta's ("Plaintiff") Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) and dismiss the case without leave to amend. Doc. 3, p. 4. On September 24, 2012, Plaintiff filed an Objection to the Report and Recommendation (Doc. 4). As such, this matter is ripe for review.

## BACKGROUND

On August 28, 2012, Plaintiff filed a Complaint for Declaratory and Injunctive Relief against the Attorney General of the United States, Secretary of the Department of Homeland

Security ("DHS"), United States Citizenship and Immigration Services ("USCIS") and its director and two field office directors ("Complaint"). Doc. 1. Concurrently, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis*. Doc. 2.

On June 19, 2012, Plaintiff, a citizen of India, and his wife, a United States citizen, submitted an I-485 application for adjustment of status and I-130 Petition for alien relative to the USCIS Chicago Office. *See Gupta v. Trial Attorney,* Case No: 6:12-cv-1097, Doc. 5, p. 1; *Gupta v. United States Attorney General*, Case No. 6:11-cv-935, Doc. 13. USCIS denied Plaintiff's application, finding that his marriage was "a sham versus a good faith relationship as required by regulations." Case No. 6:11-cv-935, Doc. 1-Ex. 1, p. 16. Due to the denial of his I-485 application, Plaintiff was no longer authorized to work or remain in the United States. *See* Case No. 6:10-cv-280, Doc. 31-Ex. 1, p. 8. Also, DHS removal proceedings against Plaintiff are ongoing. *Gupta v. United States Attorney General et. al.*, Case No. 6:10-cv-861, Doc. 33-Ex. 1.

Since the commencement of Plaintiff's removal proceedings, he has filed at least sixteen cases in federal court related to his immigration status. *See* Case No: 6:12-cv-1097, Doc. 5, p. 2, n.3 (listing many of these actions). In the instant action, Plaintiff appears to be objecting to the requirement that he pay $380 to renew his work authorization. Complaint, ¶ 9. Plaintiff contends that the laws requiring that he have work authorization are unconstitutional facially and as applied because they interfere with his "constitutional protected interest to work in the United States," in violation of the Due Process Clause of the Fifth Amendment. *Id.* ¶ 11.

## **STANDARD**

When a party makes a timely and specific objection to a finding of fact in a report and recommendation, the district court should make a *de novo* review of the record with respect to the factual issues. 28 U.S.C. § 636(b)(1); *U.S. v. Raddatz*, 447 U.S. 667, 674 (1980); *Jeffrey S. v*

*State Board of Education of State of Georgia,* 896 F.2d 507, 512 ( 11th Cir. 1990)   Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations."   Once a timely objection to the Report and Recommendation is made, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  The district judge may accept, reject, or modify in whole or in part, the report and recommendation of the magistrate judge.  Fed. R. Civ. P. 72(b)(3).  The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions.  *Id.*

## ANALYSIS

As Judge Spaulding noted, noncitizens do not have a constitutional right to work without authorization.  *WJA Realty Ltd. Partnership v. Nelson*, 708 F. Supp. 1268, 1273 (S.D. Fla. 1989).  An alien who has filed an application for adjustment of status to lawful permanent resident must apply for work authorization, and subsequently renew such authorization to keep it current.  *See* 8 C.F.R. § 274a.12(c)(9); 8 C.F.R. § 274a.14.  Accordingly, the Court is in agreement with Judge Spaulding that because Plaintiff had no right to work in the United States after the expiration of his work authorization, he has no property interest in the right to work which is protected by the Due Process Clause.  Doc. 3, p. 3; *see Borges v. U.S. Attorney General*, 683 F. App'x 891, 894 (11th Cir. 2010).

In his Objection, Plaintiff argues that the Magistrate Judge misinterpreted his Complaint, explaining:

> The issue presented is not whether the Plaintiff has a constitutional right to work in the United States without authorization, but the issue presented in this action is whether the Defendants have statutory authority to collect fees and subject the alien to arbitrary action for the grant or renewal of work authorization if the alien has not been granted specific

3

work authorization by the Immigration and Nationality Act ("INA"); and the validity of the related regulations promulgated by the Defendants.

Doc. 4, pp. 4-5. Plaintiff's argument that the regulation requiring the payment of a fee for work authorization as "unlawfully promulgated without statutory authority" has no basis in fact or law. *Id.* p. 4. In fact, the relevant regulation specifies that noncitizens applying for employment authorization must apply on the form designated by USCIS and with the fee prescribed by statute. *See* 8 C.F.R. § 274a.13(a)(1)[1]. Moreover, USCIS has the discretion to grant or deny applications for work authorization. *Id.*

In addition, the Court agrees with Judge Spaulding that because Plaintiff has repeatedly challenged USCIS decisions regarding his status and ability to work in the United States, it would be futile to permit Plaintiff to file an amended complaint on this issue. Doc. 3, pp. 3-4; *see Gupta v. United States Attorney Gen.*, Case No. 6:11-cv-1731, Doc. 3, pp. 2-3 ("The Court also notes that the denial of adjustment of an alien's status is a discretionary form of relief that does not give rise to a constitutionally protected interest as is required to support a due process claim."). Therefore, after careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.

---

[1] "Aliens who may apply for employment authorization under 8 CFR 274a.12(c), except for those who may apply under 8 CFR 274a.12(c)(8), must apply on the form designated by USCIS with the fee prescribed in 8 CFR 103.7(b)(1) and in accordance with the form instructions. The approval of applications filed under 8 CFR 274a.12(c), except for 8 CFR 274a.12(c)(8), are within the discretion of USCIS." 8 C.F.R. § 274a.13(a)(1).

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 3) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2. Plaintiff Anesh Gupta's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) is **DENIED.**

3. This action is **DISMISSED**. The clerk is directed to terminate all pending motions and close this file.

**DONE** and **ORDERED** in Orlando, Florida on October 10, 2012.

Charlene Edwards Honeywell
United States District Judge

**Copies furnished to:**
Counsel of Record
Unrepresented Parties
U.S. Magistrate Judge Karla R. Spaulding